IN THE UNITES STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AUDREY BRUNSON,<br><br>    Plaintiff<br><br>v.<br><br><br><br>THE COUNTY OF COOK,<br>a public corporation; RICHARD W.<br>WASZAK, in his individual capacity; and<br>CYNTHIA SPINA-FOX, in her individual<br>capacity,<br><br><br>    Defendants | RECEIVED APRIL 17, 2008<br>08CV2200<br>JUDGE PALLMEYER<br>MAGISTRATE JUDGE NOLAN<br><br>No.<br><br><br><br>**Jury Demanded** |

### COMPLAINT FOR MONETARY DAMAGES, INJUNCTIVE RELIEF AND DECLARATORY RELIEF

Plaintiff, AUDREY BRUNSON, by and through her attorneys, Eugene C. Edwards, Piper C. Taggart, and Timothy Huizenga, Legal Assistance Foundation of Metropolitan Chicago, complains against the Defendants as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action against Defendants seeking monetary damages, injunctive relief and declaratory relief resulting from Defendants' violation of Section 2615 of the federal Family and Medical Leave Act ("FMLA"), 29 U.S.C.§ 2615 (a)(1) and § 2615 (b). Specifically, Plaintiff alleges that Defendants interfered with the exercise of her rights under the FMLA,

1

discriminated against her and ultimately terminated her employment as a Forest Preserve District of Cook County Police officer in retaliation for her attempt to exercise her rights under the FMLA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FMLA claim pursuant to 29 U.S.C. § 2617 (a)(2), 28 U.S.C. § 1331 and 28 U.S.C. § 2201.  This Court is the appropriate venue under 28 U.S. C. § 1391.

## PARTIES

3. Plaintiff, AUDREY BRUNSON ("Ms. Brunson"), is a private citizen.  She holds a Bachelor of Fine Arts degree, is a veteran of the United States Army and the divorced parent of one minor child.  Ms. Brunson currently resides in Richton Park, Illinois and resided there at all times relevant to this lawsuit.

4. Defendant, COUNTY OF COOK ("the County"), is a public corporation organized under the laws of the State of Illinois.  Defendant is a political subdivision of the State of Illinois created for the purpose of carrying out the policy of the State of Illinois for the administration of matters of political government, financing, taxation and education.  Upon information and belief, Plaintiff states that Defendant operates and manages the Forest Preserve District of Cook County Police Department and did so at all times relevant hereto.

5. Defendant, CYNTHIA SPINA- FOX ("Officer Spina-Fox"), at all times relevant hereto was an officer with the Forest Preserve District of Cook County Police Department.  Upon information and belief, Plaintiff states that Officer Spina-Fox served as an assistant to the Chief of the Department and that her duties required her, among other things, to serve as a liaison between the chief of the Department and its officers and employees concerning FMLA request

and applications. In addition her duties required her to transmit FMLA requests and applications submitted by Department officers to the Cook County Human Resources and/or Legal Department for processing. She is sued in her individual capacity.

6. Defendant, RICHARD W. WASZAK ("Chief Waszak"), at all times relevant hereto was Chief of Police of the Forest Preserve District of Cook County. Chief Waszak oversees the day-to-day operation of the Forest Preserve District of Cook County Police Department. Chief Waszak , at all relevant times herteto, had the authority to terminate probationary officers of the Forest Preserve District. He is sued in his individual capacity.

## FACTS

7. In 2004, Ms. Brunson applied for a position as an officer with the Forest Preserve District of Cook County Police Department ("the Department"). After completing the application and interview process, Ms. Brunson was hired as an officer on January 10, 2005. Her salary at the date of her hire was $32,500 per year and was to be increased to $36,600 annually in September 2005.

8. Ms. Brunson attended the Department's Training Academy and graduated in March 2005. In April 2005, she began patrolling the forest preserves of the Northwest Suburbs of Chicago with an experienced officer.

9. In July 2005, Ms. Brunson began to have regular asthma attacks and she had to use the inhaler prescribed by her doctor more frequently. She began to miss work due to her illness and entered St. James Hospital's Emergency Room on or about July 24, 2005.

10. On or about August 25, 2005, the Department notified Ms. Brunson that she was abusing its sick-time policy. A copy of said letter is attached hereto as Exhibit A.

11. Ms. Brunson attempted to contact Sergeant R. Agnes, the author of the August 2005

letter, by telephone to discuss her medical condition. She never received a return call from Sergeant R. Agnes. However, she did obtain proof of her medical condition and her treating physician's restrictions and submitted it along with proof of her hospitalization to the her employer.

12. Even though Ms. Brunson continued to work, her illness caused her to miss 10-15 days of work between August 2005 and January 2006. On January 4, 2006, she was hospitalized, and again on January 9-10, 2006. In January 2006, her treating physician determined that she needed to be off of work due to her asthma.

13. On or around January 13, 2006, Ms. Brunson spoke with Ms. Cathy Willis ("Ms. Willis") of the County's Employee Assistance Program about her illness. She was advised by Ms. Willis that she should file a request for leave under the FMLA.

14. On or about January 19, 2006, Ms. Brunson completed and submitted an application for leave under the FMLA to Chief Waszak. She contacted Chief Waszak's office approximately eight days later to check on the status of her application. Ms. Brunson spoke with Officer Spina-Fox who told her that her application for FMLA leave had been received.

15. Ms. Brunson inquired about how long it would take for action to be taken on her application. Officer Spina-Fox said that it would "take a while."

16. Ms. Brunson continued to miss work due to her illness. Since she had not heard anything further concerning her application for leave, on February 17, 2006, she asked her shift supervisor for the day Sergeant Fox, to check on the status of her FMLA leave request. Sergeant Fox told that Officer Spina-Fox advised him that her application for FMLA leave was "stuck in legal."

17. On March 24, 2006, Ms. Brunson telephoned Officer Spina-Fox concerning her

application for FMLA leave. Officer Spina-Fox advised Ms. Brunson that her application was "still stuck in legal." Ms. Brunson asked if there was anyone she could speak with concerning her application. Officer Spina-Fox said that Chief Waszak was in a meeting and that she would call Ms. Brunson back. Officer Spina-Fox failed to call Ms. Brunson back.

18. On March 27, 2006, Ms. Brunson called Officer Spina-Fox and left messages. When she did not hear back from Officer Spina-Fox, she telephoned Ms. Willis of the Employee Assistance Program and explained what had happened with her application. Ms. Willis recommended that Ms. Brunson contact Mr. Luis Martinez ("Mr. Martinez") of the County's Human Resources Department because he processes FMLA leave requests.

19. On March 27, 2006, Ms. Brunson contacted Mr. Martinez by telephone. She advised him of her application and the delay in the disposition of her application. Mr. Martinez advised Ms. Brunson that he never received her application. He advised Ms. Brunson to contact Chief Waszak because Chief Waszak should have already submitted her application to him for review.

20. On March 28, 2006, Ms. Brunson called Chief Waszak's office to speak to him about her FMLA leave application. She spoke with Officer Spina-Fox who advised her that she would speak to the Chief. Ms. Brunson advised Officer Spina-Fox that she talked with Mr. Martinez and that he told her that he had not yet received her FMLA application.

21. Officer Spina-Fox then advised Ms. Brunson that her application for FMLA leave had not been turned over to the County's Human Resources Department as required by Department procedure.

22. Ms. Brunson asked Officer Spina-Fox why her application had not been turned over to the County's Human Resources Department and to whom it had been given instead of the

Human Resources Department. Ms. Brunson requested that she be informed of the status of her FMLA application before the end of the work week. Officer Spina-Fox told Mr. Brunson that she was still on probation when she requested FMLA leave and that she can be fired.

23. Ms. Brunson then asked Officer Spina-Fox what does her probationary status have to do with her FMLA leave request. Officer Spina-Fox advised Ms. Brunson that she would get back to her.

24. On or about March 28, 2006, Ms. Brunson contacted her union representative and advised him of the conversation she had just had with Officer Spina-Fox. The union representative told her that the Union could not help her because she was a probationary employee.

25. Ms. Brunson continued to perform her duties to the best of her ability despite her illness. On April 8, 2006, she made a felony arrest for drunk driving. She completed various forms related to the arrest and turned them in to the supervisor who was on duty at that time. Ms. Brunson was advised by Lieutenant Albright that she did not have to complete an Offense/Incident Report in addition to the other forms as it would duplicate her arrest report.

26. On April 12, 2006, Ms. Brunson was advised by Sergeant Pazcak, the shift supervisor, that she should have completed the Offense/Incident Report form and to do so immediately. On April 12, 2006, Ms. Brunson turned in the Offense/Incident Report to her supervisor, Sergeant Plaia.

27. On or about April 13, 2006, Ms. Brunson was given a "Failure to Respond Notice" requiring her to submit an Offense/Incident Report to the Records Department on or before April 17, 2006 or face disciplinary action. Ms. Brunson did not respond to the Notice because she had already submitted the requested report.

28. From April 16-18, 2006, Ms. Brunson suffered from another asthma attack and called in sick each of these days.

29. Ms. Brunson returned to work on April 19, 2006. When she arrived at work she was met by Deputy Chief Andersen and Commander Cutinelli. They called her into an office and gave her a sealed envelope and left. Ms. Brunson opened the envelope and read its contents. The envelope contained written notice of her termination but did not specify a reason for the termination. A copy of the termination notice is attached hereto as Exhibit B.

30. Ms. Brunson asked Deputy Chief Andersen why she was being terminated. The Deputy Chief told Ms. Brunson that he could not discuss that with her and that he was only authorized to give her the notice and collect her equipment.

31. Ms. Brunson never received a response to her FMLA leave request. Upon information and belief, Ms. Brunson states that her request for FMLA leave request was never turned over to the County's Human Resources or Legal Department for processing.

32. Since her termination, Ms. Brunson has suffered a reduction in her income because she has been unable to obtain employment with a salary equal to or greater than the amount that she was paid while employed by the Cook County Forest Preserve District Police Department.

## APPLICABLE LAW

33. The Family Medical Leave Act of 1993 entitles employees to take up to 12 weeks of unpaid leave "for medical reasons...and for the care of a child, spouse or parent who has a serious health condition." 29 U.S.C. § 2601 (b)(2). Employees who take FMLA leave are entitled to be restored to: a) "the position of employment held by the employee when the leave commenced"; or b) an equivalent position with equivalent employment benefits, pay and other terms and conditions of employment." 29 U.S.C. § 2614 (a)(1).

34. An "eligible employee" under the FMLA is an employee who has been employed: a) for at least 12 months by the employer with respect to whom leave is requested and b) for at least 1,250 hours during the previous 12-month period.  29 U.S.C. § 2611 (2)(A).

35. An "employer" is defined by the FMLA to include "any person engaged in commerce or industry or activity affecting commerce or who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding  calendar year."  29 U.S.C. § 2611 (4)(A)(i).

36. The term "serious health condition means "an illness, injury, impairment, or physical or mental condition that involves: a) "inpatient care in a hospital, hospice or residential medical care facility" or b) "continuing treatment by a health care provider."  29 U.S.C. § 2611 (11).

37. After an employee notifies his/her employer of the need for leave from work for a reason that might qualify for FMLA leave, an employer must provide written notice to the employee detailing the specific expectations and obligations of the employee under the FMLA and explaining any consequences of a failure to meet these obligations.  29 C.F.R. § 825.301 (b)(1).

38. An employee may take FMLA leave on an intermittent basis as long as the employer agrees to it.  29 C.F.R. § 825. 203.

39. It is "unlawful for any employer to interfere with, restrain, or deny the exercise of or an attempt to exercise" an employee's FMLA rights.  29 U.S.C. § 2615 (a)(1).

40. The FMLA also prohibits employees from discharging or discriminating against an employee "for taking part in proceedings or inquiries under FMLA."  29 U.S.C. § 2615 (b).

**STATEMENT OF CLAIM**

**Violation of Plaintiff's Rights Under the Federal Family and Medical Leave Act**

1-40. Ms. Brunson re-alleges and incorporates herein by reference, paragraphs 1-40 of her complaint.

41. At all times relevant hereto, Ms. Brunson was an "employee" within the meaning of Section 2611 (2)(A) of the FMLA, 29 U.S.C. § 2611 (2)(A) because at the time she requested FMLA leave she was employed by the County for more than 12 months and had worked over 1,250 hours during the preceding 12 months.

42. At all times relevant hereto, the County of Cook was an "employer" within the meaning of Section 2611 (4)(A) of the FMLA 29 U.S.C. § 2611 (4)(A).

43. Chief Waszak and Officer Spina-Fox acted in the interest of Cook County within the meaning of Section 2511 (4) (A) (ii) of the FMLA, in their handling of Ms. Brunson's FMLA leave request and the termination of her employment.

44. Defendants interfered with Ms. Brunson's exercise of her rights by refusing to either grant or deny her request for FMLA leave for 3 months.

45. Defendants refused to grant Ms. Brunson leave under FMLA even though she was eligible for leave.

46. By terminating Ms. Brunson, Defendants unlawfully interfered with, restrained, or denied the exercise of her rights under the FMLA in violation of 29 U.S.C. § 2615 (a) (1) and/or retaliated against her for exercising those rights in violation of 29 U.S.C. § 2615 (b).

47. Defendants' violations of the FMLA were not in good faith and Defendants did not have reasonable grounds for believing that their actions were not a violation of the Act.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, AUDREY BRUNSON, respectfully request that this Court:

A. Pursuant to any jury verdict for Ms. Brunson, direct the Defendants to pay damages equal to the amount of the wages, salary, employment benefits, and any other compensation which she was denied or lost as a result of the violation, plus pre-judgment interest on this amount at the prevailing rate. 29 U.S.C. § 2617 (a)(1)(A)(i),(ii).

B. Pursuant to any jury verdict for Ms. Brunson, direct the Defendants to pay liquidated damages equal to the amount of compensatory damages plus interest, as described in the preceding paragraph. 29 U.S.C. § 2617 (a)(1)(A)(iii).

C. Award Ms. Brunson her cost in bringing this action, including reasonable expert witness fees, and other cost of the action to be paid by the Defendants. 29 U.S.C. § 2617 (a)(3).

D. Reinstate her to her former position with appropriate seniority; or if reinstatement is not feasible, award her a reasonable amount of front pay.

E. Grant any such further relief as the Court deems just and proper.

　　　　　　　　　　　　　　　　　　　　　_____/s/Piper C. Taggart_____
　　　　　　　　　　　　　　　　　　　　　One of Plaintiff's Attorneys


Eugene Christopher Edwards
Piper C. Taggart
Timothy Huizenga
Legal Assistance Foundation of Metropolitan Chicago
Attorneys for Plaintiff
900 East 162nd Street Room 101
South Holland, Illinois 60473
708-271-4950

# FOREST PRESERVE DISTRICT OF COOK COUNTY
## POLICE INTERNAL AFFAIRS DIVISION

536 North Harlem Avenue        River Forest, Illinois 60305
Richard W. Waszak – Chief of Police



**Investigations Commander**        Office    708.771.1075
**Sergeant Robert Agnes**            Fax       708.771.1079

```
                                        08CV 2200 NF
TO:      Officer Brunson                JUDGE PALLMEYER
FROM:    Sgt. R. Agnes – Internal Affairs   MAGISTRATE JUDGE NOLAN
DATE:    23 AUG 2005
SUBJECT: IA Case #2005-045 Sick Call Abuse
```

You are receiving this notice for violation of this Police Department's Standard Operating Procedure relative to Sick Call Procedures, General Order No: 97-12, SOP Code: ADM-18, section II, L.

### II. Procedure
### L. Report of Sick Abuse
All employees of the Department will be monitored for possible sick abuse. Sick abuse is defined as, but not limited to: sick leave in excess of more then one (1) incident a month, a pattern of sick leave before and after DO's, PD's, CU, or vacations, developed pattern (e.g. sick on Mondays, Weekends etc.). This does not apply to officers who have provided the office of the Chief with medical documentation of a chronic or on going medical condition.

It has been brought to the attention of the Office of the Chief of Police that you have called in medical combined with your regular scheduled days off on 24-25 Jul and also 01 Aug 2005. This practice is unacceptable and demonstrates an abuse of sick time. Therefore it has been recommended to the Chief of Police that you receive this written reprimand which will be placed in your Department file.

_____
Sgt. R. Agnes

cc: Chief of Police

**EXHIBIT A**



# FOREST PRESERVE DISTRICT OF COOK COUNTY
## OFFICE OF THE CHIEF OF POLICE
Richard W. Waszak — Chief of Police

Date: 18 April 2006

Audrey L. Brunson
4027 Appleby Lane
Richton Park, IL: 60471

RE: Termination

Dear Ms. Brunson,

This letter is to inform you that the District is exercising its option to terminate your employment during the probationary period.

Thank You,

Richard W. Waszak
Chief of Police

Approved by:

Steven M. Bylina
General Superintendent

RWW/ccs

**EXHIBIT B**